# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GINGER L. RICHEY** § | | **CIVIL ACTION NO. 2:21-cv-03683** |
| *Plaintiff* § | | |
| § | | |
| **VS.** § | | |
| § | | |
| **CALCASIEU PARISH POLICE** § | | |
| **JURY** § | | |
| *Defendant* § | | **JURY DEMANDED HEREIN** |

## PLAINTIFF'S ORIGINAL COMPLAINT

**NOW COMES**, through undersigned counsel, Plaintiff, **GINGER L. RICHEY**, who files her Original Complaint against Defendant, **CALCASIEU PARISH POLICE JURY**. She hereby states as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 as it appears as 42 U.S.C. § 2000e *et seq.*

2. This Court has jurisdiction pursuant to the following statutes:

   a. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, law or treaties of the United States; and

   b. 28 U.S.C. § 1343 (3) and (4), which give district courts jurisdiction over actions to secure civil rights extended by the United States government.

3. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) on or about May 1, 2020 (Charge No. 461-2020-00640). Plaintiff received her Notice of Suit

Rights on July 28, 2021. *See* Exhibit A. Plaintiff is afforded 90 days from her receipt of such Notice to commence suit, and the date of this filing is within the statutory period.

4. Venue is appropriate in this judicial district under 28 U.S.C. § 1391 (b) because the events that gave rise to this Complaint occurred in the Western District of Louisiana, specifically Calcasieu Parish, making the Lake Charles Division the most appropriate Division for this suit.

## PARTIES

5. Plaintiff is a citizen of the United States and resides in the city of Sweeny, State of Texas.
6. Plaintiff is female and, as such, is a member of a protected class.
7. At all relevant times, Plaintiff was pregnant and, as such is a member of a protected class.
8. Defendant, **CALCASIEU PARISH POLICE JURY** ("CPPJ") is a municipal entity conducting business in the state of Louisiana. The acts complained of in this Complaint occurred in Calcasieu Parish, State of Louisiana, where CPPJ performs a significant amount of business. At all times relevant to Plaintiff's employment, CPPJ was Plaintiff's acting employer.

## FACTUAL ALLEGATIONS

9. Plaintiff began her most recent employment with Defendant on or about approximately July 30, 2018. At all relevant times, Plaintiff was employed as a Utility Assistant.

10. Plaintiff originally started her employment as laborer; however, after she obtained her CDL, she was promoted to dump truck driver. She subsequently made a lateral transfer, such that she was a medium equipment operator.

11. At all relevant times, Plaintiff was the only female employee assigned to work in the field or in the utility/public works department. Upon information and belief, approximately seventy-five (75) employees worked in the field/department at all relevant times.

12. On or about October 30, 2019, Plaintiff informed Defendant, through supervisors, David Benoit ("Benoit") and Lisa Wimberly ("Wimberly") that she was pregnant and due in July 2020.

13. On or about October 30, 2019, either Benoit and/or Wimberly informed Sean Goodley ("Goodley") that Plaintiff was pregnant. In response, Defendant took Plaintiff off of the dump truck, indicating to her that it was "too dangerous" for her to continue operating the truck, despite the fact that Plaintiff had no medical restrictions and was not due until July 2020.

14. Plaintiff was subsequently instructed to perform other utility tech assignments, which included checking individuals in and performing basic clean-up services. Plaintiff's pay remained the same upon this transfer. At this time, Plaintiff was told that there was no light duty work available.

15. At this time, Defendant had two (2) office positions open, and Plaintiff applied to both. Neither of these positions would require Plaintiff to lift more than thirty-five (35) pounds or operate a track hoe. Plaintiff did not receive either position.

16. Plaintiff also requested that she permitted to perform other Utility Assistant duties, such as signing people in; however, Defendant apprised Plaintiff that she had to operate machinery in order to work.

17. As a Utility Assistant, Plaintiff had been lifting an iPad and signing people in, and she occasionally performed clean-up work.

18. On November 13, 2019, and immediately after Plaintiff's shift, Goodley presented Plaintiff with three (3) separate write-ups to sign. When Plaintiff inquired about the purpose of these write-ups, which were not supported by any disciplinary cause, she was told that "they were keeping eyes on [her]" and "looking for every reason to let [her] go."

19. On December 4, 2019, Plaintiff attended an appointment at Beauregard Women's Health Center LLC relating to her pregnancy. Following the appointment, Plaintiff presented Defendant with a physician's note, dated December 4, 2019, indicating that her estimated due date is July 6, 2020 and that, due to Plaintiff's pregnancy, "it is recommended that the patient not lift more than 35 pounds or operate trackhoe."

20. On December 4, 2019, and almost immediately after Plaintiff presented Defendant, through Goodley, with the physician's note indicating the physician's recommendation that she not lift more than 35 pounds or operate a track hoe, Defendant placed Plaintiff on a leave of absence without pay, which they referred to as "maternity leave." According to the Human Resources representative, Plaintiff's pregnancy was "a disability" that made her a liability to the company. At no time whatsoever did Plaintiff request or otherwise indicate that she needed a leave of absence of any kind.

21. On December 10, 2019, Defendant contacted Plaintiff and instructed her not to return to work because she is a "liability" due to her pregnancy, which Defendant referred to as a "disability."

22. On December 10, 2019, Defendant issued Plaintiff correspondence indicating that she may qualify for job-protected leave under the Family and Medical Leave Act (FMLA). Defendant also provided Plaintiff with a FMLA application, along with a Certification of Healthcare Provider form, which was due no later than December 30, 2019.

23. Plaintiff made repeated requests to both Goodley and Wimberly to return to work; however, both Goodley and Wimberly consistently refused Plaintiff's requests.

24. On December 30, 2019, Plaintiff's treating physician contacted Defendant and indicated that Plaintiff was not disabled, that she was able and willing to work, and that she could continue performing her job duties easily with those minor restrictions.

25. After receiving contact from Plaintiff's treating physician, Defendant indicated to Plaintiff that she could only return to work if she could operate machinery full time and be cleared to work with no restrictions. Because Plaintiff's physician had imposed the 35-pound lifting restriction, Plaintiff could not return to work.

26. Defendant indicated that Plaintiff could return to work after she had her baby and return to her position only if "it wasn't filled by then." Moreover, Defendant indicated that, in order to return, Plaintiff would have to re-apply and take a pay cut.

---

## FIRST CAUSE OF ACTION:
## SEXUAL DISCRIMINATION IN EMPLOYMENT
*Pursuant to 42 U.S.C. 2000e et seq.*

---

27. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

28. Under Title VII, it is an unlawful employment practice for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C.S. § 2000e-2(a)(1). The term "because of sex" includes "because of or on the basis of pregnancy, childbirth, or related medical conditions." *Id*. § 2000e(k).

29. Defendant is an "employer" subject to the provisions of Title VII. At all relevant times, CPPJ was an entity engaged in an industry affecting commerce who, upon good information and belief, has employed more than fifteen employees for at least twenty (20) calendar weeks in both 2019 and 2020. 42 U.S.C. § 2000e(b)

30. Plaintiff is a woman and is therefore a member of a protected class. Plaintiff was also pregnant at the time of all relevant facts, which renders her a member of a protected class.

31. Plaintiff was qualified for her position as a Utility Assistant and was able to perform all essential functions of the position. Not only did Plaintiff possess the requisite education and experience set forth on the Job Description and possess a valid driver's license, she was able and willing to perform and any and all of the "essential functions" including: 1) routine maintenance including greasing and cleaning of plant equipment; 2) daily record keeping; 3) controlling incoming yard waste from the public; 4) control traffic into and out of facility; 5) open and close Collection stations; 6) instruction public to use facilities in a safe manner; 7) routine ground maintenance; and 8) performs other duties of a similar nature or level.

32. In the "Physical Requirements" section of the Utility Assistant Job Description, CPPJ provides that "reasonable accommodations may be made to enable individuals with

disabilities to perform the essential functions." The Job Description further indicates that the job may occasionally requirement exerting in excess of 100 pounds of force, and/or in excess of 50 pounds of force frequently, and/or in excess of 20 pounds of force constantly to move objects."

33. On approximately December 4, 2019, Plaintiff learned that, due to her pregnancy, her physician recommended that she not lift in excess of 35 pounds. The functions of Plaintiff's job, even prior to her pregnancy, rarely, if ever, required her to lift more than 35 pounds. Accordingly, Plaintiff could readily complete her assigned job tasks.

34. Despite this fact, Defendant refused to permit Plaintiff to continue working her regular job duties due to this, "restriction." Accordingly, Plaintiff requested an accommodation – due to her employer's mistaken belief that pregnancy is a disability – so that she could continue working in light of the lifting restriction. Defendant overtly refused to accommodate Plaintiff in any way and, instead, terminated her employment.

35. Upon good information and belief, when other employees had non-pregnancy-related injuries or limitations, including lifting limitations, Defendant readily accommodated the employees by permitting them to perform "light duty" work including, but not limited to, staying in the downtown, Lake Charles office and shredding paper or completing other document-based tasks.

36. Upon good information and belief, Defendant accommodated other, non-pregnant employees who were similar in their ability or inability to work.

37. Upon good information and belief, Defendant refused to accommodate Plaintiff, and ultimately terminated Plaintiff from employment, on the sole basis of her pregnancy.

38. Defendant's conduct was malicious or was otherwise committed with reckless indifference to Plaintiff's federally protected rights.

39. WHEREFORE, Plaintiff prays that Defendant be found liable for violating the anti-discrimination provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1).

___

## PRAYER
___

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment against Defendant providing the following relief:

(a) All damages to which Plaintiff may be entitled, including but not limited to back pay, reimbursement for lost position and training, social security and other benefits, front pay, and any other statutory relief, including punitive damages;

(b) Reasonable attorney's fees, with conditional awards in the event of appeal;

(c) Pre-judgment interest at the highest rate permitted by law;

(d) Post-judgment interest from the judgment until paid at the highest rate permitted by law;

(e) Costs, including expert fees;

(f) Reasonable and necessary medical care and expenses in the past and future;

(g) Injunctive relief; and

(h) Such other and further relief, at law or in equity, to which Plaintiff may be entitled.

*{Remainder of Page Intentionally Left Blank}*

---

## DEMAND FOR JURY TRIAL
---

Pursuant to Rule 38 of Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues if triable.

        **Respectfully Submitted,**

        **SUDDUTH & ASSOCIATES, LLC**
        Attorneys-at-Law
        1109 Pithon Street
        Lake Charles, LA 70601
        Tel: (337) 480-0101
        Fax: (337) 419-0507
        Email: james@saa.legal

BY: */s/ James E. Sudduth, III*
    JAMES E. SUDDUTH, III (#35340)
    KOURTNEY L. KECH (#37745)
    PIERCE A. RAPIN (#38579)